IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL BARELA &
ERICA BEGAY, on behalf
of themselves and others
similarly situated

    Plaintiff,

v.                                                      Civ. No. 11-506 WJ/GBW

CITICORP USA, INC.,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO STAY
AND DENYING PLAINTIFFS' MOTION TO COMPEL**

This matter comes before the Court on Defendant's Motion to Stay (*doc. 24*), on Plaintiffs' Motion to Compel (*doc. 26*), and on the hearing held by the Court to consider these two motions (*see doc. 42*). At the hearing, the Court orally ruled on these motions effective immediately. This order memorializes those rulings. The Court will grant the Motion to Stay and deny the Motion to Compel.

**The Motion to Stay**

The instant case ("*Barela*"), is related to a case before the United States District Court for the Western District of Missouri, *Tolanda Osby, et al., v. Citigroup Inc., et al.*, Case No. 5:07-CV-06085-NKL (W.D. Mo.) ("*Osby*"). Both cases are class actions against the same defendant for the same allegedly wrongful employment practices. *Doc. 24* at 2. On February 29, 2012, the *Osby* Court approved a settlement (*doc. 39* at 1) which,

according to the parties' statements at the motions hearing (*see doc. 42* at 2), would allow the members of the putative class in *Barela* to opt in to it.

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (citations and quotations omitted); *see also Lindley v. Life Investors Ins. Co. of America*, No. 08-CV-0379-CVE-PJC, 09-CV-0429, 2009 WL 3296498 at *3 (N.D. Okla. Oct. 9, 2009) ("This Court has the inherent authority to control its docket, which includes the power to stay cases in the interest of judicial economy") *citing United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The factors this Court should consider include whether Defendant will suffer harm without a stay, whether a stay would prejudice Plaintiffs, and the public interest in granting the stay "including judicial economy and the risk that the litigants' time and resources will be wasted with duplicative litigation." *See Cross Media Works, Inc. v. Reid*, No. CIV-10-401-D, 2010 WL 4811758 at *3 (W.D. Okla. Nov. 19, 2010) *citing Pet Milk Co.*, 323 F.2d at 588.

Obviously, the number of individuals comprising the putative class in *Barela* who decide to join the *Osby* settlement will impact the class certification and discovery issues in *Barela*. Proceeding with discovery in *Barela* before the extent of this impact is known would likely waste time and resources. Granting the stay will cause only minor prejudice to Plaintiffs due to employee turnover in the interim. To mitigate this

prejudice, the Court will order that Defendant solicit from all departing employees a forwarding address or other contact information by which they may be reached during the six months after departure from employment with Defendant.

Therefore, the Court will grant Defendant's Motion to Stay. The stay will be effective as of the motions hearing, and will extend until 30 days after the deadline[1] by which the putative class members must respond to the *Osby* opt-in notice.

### The Motion to Compel

Plaintiffs filed their Motion to Compel because Defendant provided only objections and no responsive answers to two sets of discovery requests. *See doc. 26* ¶ 2. Defendant represented at the motions hearing that the results of the opt-in period for the *Osby* settlement would moot many of their objections. Given this representation, the Court is disinclined to wade through the myriad objections until determining what objections will remain after the *Osby* opt-in period. Therefore, the Motion to Compel will be denied at this time.

**WHEREFORE, it is HEREBY ORDERED** that the Motion to Stay, *doc. 24*, is GRANTED, effective from the time of the motions hearing until 30 days after the deadline by which the putative class members must respond to the *Osby* opt-in notice.

---

[1] The Court understands that the deadline is approximately six months from now. The stay in this case is predicated on this assumption. Should the parties learn that the opt-in period will extend significantly beyond six months, the Court will revisit the stay.

**It is FURTHER ORDERED** that, during the pendency of the stay, Defendant shall solicit from all departing employees contact information by which they may be reached during the six months after their departure from employment with Defendant.

**It is FURTHER ORDERED** that the Motion to Compel, *doc. 26*, is hereby DENIED.[2]

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has ordered Defendant to show cause as to why the Court should not sanction Defendant in connection with these motions. *See doc. 43*. The Court will address the issue of sanctions following that briefing.