IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL BARELA and
ERICA BEGAY on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.                                           Civ. No. 11-506 KG/GBW

CITICORP USA, INC.,

        Defendant.

**ORDER IN CONNECTION
WITH SETTLEMENT PROCEEDINGS**

On May 19, 2014, plaintiffs Daniel Barela and Erica Begay ("Plaintiffs"), individually and on behalf of the settlement class, and defendant Citicorp Credit Services, Inc. and its predecessors, successors and assigns, current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities (collectively, "Citi"), entered into a class and collective action settlement, the terms and conditions of which are set forth in the parties' Settlement Agreement and Release of Claims (hereafter, the "Settlement" or "Settlement Agreement"). Unless otherwise provided in this Order, all capitalized terms shall have the same meaning as set forth in the Settlement Agreement.

The Court having reviewed the papers and documents presented, hereby makes the following findings and rulings.

IT IS HEREBY ORDERED:

(1) The Court finds that the parties' Settlement Agreement was the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular, falls within a range of

reasonableness and appears to be fair, reasonable, and adequate as to members of the proposed settlement class, subject only to any objections that may be raised at the Final Approval Hearing and final approval of the Rule 23 Class settlement with this Court;

(2) The Court approves the FLSA collective action settlement, subject to final approval of the Rule 23 Settlement;

(3) The Court grants preliminary approval of the Rule 23 class settlement;

(4) For settlement purposes only, and without any effect whatsoever in the event that the settlement is not consummated, the Court conditionally certifies an FLSA Section 216(b) collective action and preliminarily approves a Rule 23 class ("Class") as follows: all current and former telephone dedicated representatives who have been employees of Citi's Albuquerque, New Mexico call center from May 5, 2007 until the date the Court enters its order granting preliminary approval of the Settlement Agreement and who did not participate in the settlement in *Tolanda Osby et al. v. Citigroup Inc. et al.*, No. 5:07-CV-06085-NKL (W.D. Mo.) until June 4, 2014;

(5)    For purposes of settlement only, and without any effect whatsoever in the event that the settlement is not consummated, the Court finds the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (1) the number of members of the Class are so numerous that joinder is impracticable; (2) questions of law and fact are common to the Class; (3) the claims of the proposed class representatives are typical of the claims of the Class they seek to represent; (4) the proposed class representatives will fairly and adequately protect the interest of the Class; and (5) the Class meet the predominance and superiority requirements

of Fed. R. Civ. P. 23(b)(3).[1] Certification of the Class for settlement purposes is the best means for protecting the interests of all of the Settlement Class Members;

(6) For purposes of settlement only, and without any effect whatsoever in the event that the settlement is not consummated, the Court certifies Daniel Barela and Erica Begay as representatives of the Class, and appoints Youtz and Valdez, P.C., Franklin D. Azar and Associates, PC, and Paul McInnes LLP as Class Counsel;

(7) The Court approves Simpluris as the third party administrator of the settlement. The Settlement Administrator shall supervise and administer the notice procedure as set forth in the Settlement Agreement;

(8) The Court approves as to form and content, subject to formatting and correction of grammatical and typographical matters, the proposed Class Notice and the procedure and timing for issuing notice of the settlement as reasonable notice practicable under the circumstances and in full compliance with applicable law;

(9) The Court approves the proposed procedure and timing for submitting requests for exclusion from the Class set forth in the Class Notice;

(10)     The Court orders that each Settlement Class Member be given a full opportunity to object to the Settlement Agreement, application for attorney's fees and costs, the Service Awards to the Named Plaintiffs, and to participate at the Final Approval Hearing, which is set on **Friday, September 12, 2014 at 10:00 a.m. in Albuquerque, New Mexico**, or some other date of the parties' choosing that is acceptable to the Court and at least 90 days from the date of this Order. The date selected for the Final Approval Hearing must appear in the Class Notice. Any Settlement Class Member who has not opted out seeking to object to the Settlement Agreement

---

[1]     The Court need not address the issue of manageability under *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

shall file such objection and a notice of intention to appear at the Final Approval Hearing in writing with the Court and shall serve such objection on Class Counsel and Defendant's Counsel within 45 days of the date on which the Class Notice is mailed and appear at the hearing. Should any party wish to file a written response to any written objection filed by a Settlement Class Member, such response shall be filed no later than 10 days before the Final Approval Hearing. However, the failure to file a written objection shall not bar any party from presenting oral argument or evidence concerning such objection at the Final Approval Hearing. Any Settlement Class Member who fails to file and serve a timely written objection shall be foreclosed from objecting to the Settlement, unless otherwise ordered by the Court;

(11)   If 5% or more of the Settlement Class Members opt-out of the settlement, Citi shall have the sole right to terminate this Settlement Agreement, pursuant to the procedures set forth in the Settlement Agreement;

(12)   If the Motion for Final Approval of Class Action Settlement is unopposed, the motion shall be considered timely if Class Counsel files the motion and all supporting papers at least 7 days prior to the Final Approval Hearing date;

(13)   Neither Defendant nor Defendant's counsel shall have any responsibility for the application for attorneys' fees and costs submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement;

(14)   At the Final Approval Hearing, the Court shall determine whether the proposed settlement, and any application for attorneys' fees and costs, the Named Plaintiffs' Service Awards and Settlement Administration Costs, shall be approved.  Any amount of the attorneys' fees and costs or Named Plaintiffs' Service Awards not awarded by the Court shall not be paid by Citi.

(15) Pending final determination of whether the settlement should be approved, Named Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts any claims released in the Settlement against any released party;

(16) If the settlement is terminated as provided in the Settlement Agreement, then, in such event, the Settlement Agreement, including any amendment(s) thereof, and this Order, shall be deemed null and void *ab initio*, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, as set forth in the Settlement Agreement, and each party shall be restored to his, her, or its respective position as of the date and time immediately prior to the execution of the Settlement Agreement. All negotiations and information and materials pertaining in any way to the Settlement Agreement or the settlement of the Lawsuit will be inadmissible and remain confidential to the fullest extent permitted by law, as set forth in the Settlement Agreement;

(17) The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains exclusive jurisdiction to consider all further matters arising out of or connected with the proposed settlement.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE