IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL BARELA and
ERICA BEGAY on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.                                                      Civ. No. 11-506 WJ/GBW

CITICORP USA, INC.,

        Defendant.

## PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS

### I. Introduction and Summary of the Record

But for the perseverance of Plaintiffs' counsel to fight for the back wages owed to Citi's New Mexico call center employees—even when Citi conducted a reverse auction settlement after this case was filed—this class action settlement would not have occurred. To encourage attorneys to take the risks of fighting for clients who cannot afford to pay an attorney to enforce their rights, both the New Mexico Minimum Wage Act ("NMMWA") and the federal Fair Labor Standard Act ("FLSA"), through their remedial policy and in express terms, require employers to pay prevailing employees their reasonable attorneys' fees and costs. Here, Plaintiffs' Counsel continued the fight for those Citi employees who chose not to, or for any other reason did not, receive back wages from Citi's earlier settlement. As a result, every class member will receive a check in the mail, and need only cash the check to claim the settlement. Citi likewise agreed to pay Plaintiffs' counsel's fee as part of the settlement, subject to this Court's approval, which is sought through this fee application.

## II. Procedural History of the Case

Plaintiffs filed their Complaint against Citi in state court on May 5, 2011, alleging that Citi failed to pay its call center phone representatives for all time spent during the continuous workday, including pre- and post-shift work. (Doc. #1.) Citi removed the case to this Court (Doc. #1), and, on July 18, 2011, filed its Answer denying the material allegations in Plaintiffs' Complaint and asserting multiple affirmative defenses. (Doc. #15.)

On January 4, 2012, without prior notice, Citi filed a motion to stay the case and announced that it had moved to re-open a prior similar case filed in the United States District Court for the Western District of Missouri and was asking that Court to approve a settlement of the claims on behalf of telephone-dedicated representatives in several of Citi's call centers, including the claims of New Mexico phone representatives pending in this case. (Doc. #24.) Plaintiffs opposed the stay, and fought unsuccessfully to intervene in the Missouri case and object to the settlement of the New Mexico claims as inadequate. (Doc. # 28, 66.) This Court granted Citi's request for a stay, the Missouri court approved Citi's settlement, and, afterward, litigation at long last resumed in this Court on behalf of those New Mexico phone representatives that did not opt in to the Missouri settlement. (Doc. # 44, 66, 71.)

Once the stay was lifted, as the parties were preparing to litigate, the parties agreed to mediate. (Doc. #73.) This settlement was reached after a full day mediation before nationally-renowned mediator Michael Dickstein.

### III. Argument

As compensation for their work, Plaintiffs request that the Court approve attorneys' fees in the amount of one-third of the $400,000 Settlement Fund and $30,000 as costs and expenses incurred in prosecuting this matter. The requested fee is far less than Plaintiffs' counsel's lodestar—a result that was pre-destined after Citi's reverse auction settlement in Missouri. Nevertheless, Plaintiffs' Counsel agreed with Citi as part of this settlement to limit their fee to one-third of the Settlement Fund rather than seek to recover their significantly higher lodestar. Youtz Decl., attached as Ex. A, ¶13. In doing so, Plaintiffs' Counsel placed the best interest of the Class before their own fee interest rather than pursue prolonged litigation with a fee application for their full lodestar at the end of the case. In addition, Plaintiffs' Counsel will continue to incur fees in handling the administration of the settlement, which cannot be recovered as this is their only opportunity to have attorneys' fees and costs submitted for approval. The requested costs and expenses are also less than Plaintiffs' counsel's actual out-of-pocket costs and expenses.

### A. A Reasonable Percentage of the Fund Recovered Is an Appropriate Method for Awarding Attorneys' Fees in Common Fund Cases

It has long been recognized that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The purpose of this doctrine is to avoid unjust enrichment and to spread litigation costs proportionately among all the beneficiaries. *Id.* The Tenth Circuit, like other Circuits, has expressed "a preference for the percentage of the fund

method" in class actions. *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994); *see also Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1272 (D.C. Cir. 1993) ("a percentage-of-the-fund method is the appropriate mechanism for determining the attorney fee award in common fund cases"); *Camden I Condominium Ass'n, Inv. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) ("we believe that the percentage of the fund approach is the better reasoned in a common fund case"). The common fund doctrine "rests on the perception that persons who obtain the benefit of a lawsuit without contribution to its costs are unjustly enriched at the successful litigant's expense." *Brown v. Phillips Petroleum Company*, 838 F.2d 451, 455 (10th Cir. 1988), quoting *Boeing*, 444 U.S. at 478. Therefore, the percentage award results "in a sharing of the fees among those benefited by the litigation." *Id.* at 454.

Use of the percentage method also decreases the burden imposed on the Court by the "lodestar" method and assures that class members do not experience undue delay in receiving their share of the settlement. *Johnston v. Comerica Mortgage Corp.*, 83 F.3d 241, 245 n.8 (8th Cir. 1996). In reviewing the reasonableness of the specific percentage of the fund requested, courts commonly apply the twelve factors articulated by the Fifth Circuit in *Johnson*.

## B. The *Johnson* Factors Justify a Fee Award of One-Third of the Settlement Fund

A review of the applicable *Johnson* factors supports Plaintiffs' Counsel's request for fees in this case of one-third of the Settlement Fund. The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions presented by the case; (3) the skill requisite to perform the legal services properly; (4)

the preclusion of other employment by the attorneys due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Brown*, 838 F.2d at 454-55. Application of the twelve *Johnson* factors, however, is not rigid, nor ranked in any particular order. *Id*. at 456 (rarely are all factors relevant, particularly in common fund cases, and thus the trial court has the discretion to determine which factors to weigh most heavily). Plaintiffs' Counsel respectfully suggest that a review of the *Johnson* factors supports their request for fees and costs.

1. ***The Results Obtained (Factor 8)***

Per the terms of the Settlement, 652 hourly employees will be mailed a check as payment for a claim they were not paid all wages and overtime. Prosecuting these claims can be difficult for numerous reasons, including the risk that Plaintiffs may not prevail and thus receive nothing. Under the Settlement Agreement, Plaintiffs are receiving favorable awards. Taking these risks into account, Plaintiffs' Counsel believe these amounts reflect a fair and reasonable settlement.

2. ***Preclusion of Other Work by the Attorneys Due to This Case and Risks Due to Undesirability of the Case (Factors 4 and 10)***

This litigation took three years and involved a significant amount of litigation and administrative costs despite the fact that actual litigation in this Court hardly got off the ground. To date, Plaintiffs' Counsel have spent over 800 hours at a total lodestar

5

of over $320,000 fighting for the rights of Citi's New Mexico employees. During this time, Plaintiffs' Counsel had opportunities to spend their time on more profitable ventures, but diligently finished what they started. (Youtz Decl., ¶29.)

### 3. *The Customary Fee and Whether it is Fixed or Contingent and Awards in Similar Cases (Factors 5, 6 and 12)*

When determining the reasonableness of a fee award in a common fund case, the most important factors are the contingent nature of class counsel's fee, and "the amount involved and the results obtained." *Brown*, 838 F.2d at 456 ("a decisive factor in this common fund class action is the amount involved and the results obtained").

Here, Plaintiffs' counsel undertook representation of class members on a purely contingent basis, i.e., counsel only receives compensation if they achieve a recovery for the class. Given the fact that at an early stage Citi settled the FLSA claims of these same employees and demanded a release of their more valuable New Mexico state law claims in exchange, the usual risk of non-payment was heightened. Nevertheless, Plaintiffs' Counsel agreed to share in the compromise nature of the settlement by receiving compensation at a reduced rate. Despite the fact that Plaintiffs' counsel is receiving less than their lodestar, the results obtained on behalf of the Class are meaningful.

Finally, the request of one-third of the Settlement Fund is consistent with attorney fee awards in similar cases within this Circuit. Fee awards of one-third of the common fund are common in FLSA cases. *See, e.g., Payson v. Capital One Home Loans, LLC*, 2009 U.S. Dist. Lexis 88468, *6-8 (D. Kan. Sept. 24); *Barnwell v. Corrections Corp.*, Order Approving Settlement Agreement, Case No. 2:08-CV-02151-

JWL-DJW (D. Kan. Feb. 12, 2009). Plaintiffs' counsel, acting on a contingency basis, obtained a positive result for all class members. These factors support Plaintiffs' Counsel's application.

*4. Novelty/Difficulty of Issues (Factor 2)*

The primary issue in this case was the determination of whether Phone Representatives were required to work pre- and post-shift hours beyond what they were paid for and whether Plaintiffs could prove damages. This inquiry was fact-intensive. Because the legal and factual issues in dispute were challenging, this factor supports Plaintiffs' counsel's application.

*5. Skill Required and Attorneys' Experience, Reputation and Ability (Factors 3 and 9)*

Large scale wage and hour cases are complicated and time-consuming matters. Any attorney undertaking these types of cases must be prepared to make tremendous investments of time, energy, and financial resources to appropriately pursue them. Due to the nature of this type of litigation, attorneys handling these cases must also be prepared to make these investments with the very real possibility of ultimately not being paid for their work or recovering the costs they advanced on their clients' behalf. This type of risk is outside the scope of risk most attorneys and firms can and are willing to take. As demonstrated in the attached declarations and firm bios (Exhibits A-C, attached hereto), each of Plaintiffs' Counsel's law firms have significant experience litigating wage and hour class and collective action cases, have achieved a strong track record of recouping back wages for their clients, and enjoy a

7

good reputation in the legal community for representing employees. This factor supports Plaintiffs' counsel's application.

### 6. *Time and Labor Required (Factor 1)*

Plaintiffs' counsel collectively invested over 800 hours prosecuting this matter. This fee application will <u>not</u> fully compensate Plaintiffs' Counsel for their work (or their costs and expenses) because the percentage of the fund approach that Plaintiffs' Counsel lives and dies by results in a fee of less than their lodestar. The time expended was necessary to achieve the settlement obtained given the number of employees at issue here, Citi's actions to undermine this case in another court, and the nature of Plaintiffs' claims. It should also be noted that the work of Plaintiffs' counsel is not done. For example, Plaintiffs' Counsel must work with the Settlement Administrator to ensure the settlement is properly administered and answer inquiries from class members regarding the terms and consequences of the settlement and the computation and payout of the settlement. This investment of time administering the settlement will only be compensated under the present application for fees. The significant time Plaintiffs' counsel has expended and the time they will expend in the future on behalf of the Class supports Plaintiffs' Counsel's application.

The attached declarations of each of Plaintiffs' counsel provide additional factual support for Plaintiffs' Counsel's attorneys' fees and expenses. Ex. A, Youtz Decl., ¶¶27-32; Ex. B, Azar Decl., ¶¶4-9; Ex. C, Paul Decl., ¶¶10-15. Plaintiffs' request for attorneys' fees of one-third of the Settlement Fund and $30,000 in costs and expenses should be approved as reasonable.

## IV. Conclusion

For the reasons stated above, Plaintiffs respectfully request that this Court award $133,320 in fees and $30,000 in costs and expenses.

Dated: September 4, 2014                               Respectfully submitted,

YOUTZ AND VALDEZ, P.C.        PAUL McINNES LLP
Shane C. Youtz                            Richard M. Paul III
900 Gold Ave. SW                       Jack D. McInnes
Albuquerque, NM 87102            2000 Baltimore Avenue, Suite 100
(505) 244-1200  Telephone       Kansas City, Missouri 64108
(505) 244-9700  Facsimile         (816) 984-8100 Telephone
shane@youtzvaldez.com            (816) 984-8101 Facsimile
                                                      paul@paulmcinnes.com
                                                      mcinnes@paulmcinnes.com

FRANKLIN D. AZAR &
ASSOCIATES, PC
*/s/ Franklin D. Azar*
Franklin D. Azar
Keith R. Scranton
14426 E. Evans Avenue
Aurora, CO  80014-1480
(303) 757-3300 Telephone
(303) 759-5203
azarf@fdazar.com
scrantonk@fdazar.com

**CERTIFICATE OF SERVICE**

    The foregoing document has been served via ECF notification on the following counsel of record on the 4th day of September, 2014:

Sari M. Alamuddin
Gregory P. Abrams
Morgan, Lewis & Bockius LLP
77 West Wacker Drive
Chicago, IL 60601-5094

Samuel S. Shaulson
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060

Whitney Warner
Moody & Warner
4169 Montgomery Blvd. NE
Albuquerque, NM 87109

*/s/ Franklin D. Azar*