IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL BARELA and
ERICA BEGAY on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.                                                                    Civ. No. 11-506 KG/GBW

CITICORP USA, INC.,

        Defendant.

**FINAL ORDER AND JUDGMENT GRANTING
APPROVAL OF CLASS ACTION SETTLEMENT
AND AWARDING ATTORNEYS' FEES AND EXPENSES
IN CLASS AND COLLECTIVE ACTION SETTLEMENT**

On June 4, 2014, the Court conditionally certified an FLSA Section 216(b) collective action and preliminarily approved a Rule 23 class ("Class") for settlement purposes only, approved the FLSA collective action settlement, subject to final approval of the Rule 23 Settlement, and preliminarily approved the Rule 23 class settlement ("Settlement"), and directed distribution of notice to the Class. Thereafter, notice of the settlement was issued to Settlement Class Members which adequately described all of the relevant and necessary parts of the Settlement, including the options available and the benefits and consequences of each option, and the request for Service Awards and attorneys' fees and costs. On September 11, 2014, the Court held a Final Approval Hearing with regard to the Settlement. Having considered all arguments and papers filed in connection herewith, the Court finds that the Settlement is fair, adequate, and reasonable. Consequently, the

Settlement is finally approved. Unless otherwise provided in this Order, all capitalized terms shall have the same meaning as set forth in the parties' Settlement Agreement and Release of Claims ("Settlement Agreement"). Attorneys' fees and expenses in the amounts requested are awarded and the Court enters the following Final Order and Judgment:

1. The Court finds that the parties' Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

2. Having previously conditionally and preliminarily approved the Settlement, the Court now grants final approval of the Settlement.

3. For purposes of settlement only, the Class is approved and shall consist of all current and former telephone-dedicated representatives who have been employees of Citi's Albuquerque, New Mexico call center from May 5, 2007 until June 4, 2014 and who did not participate in the settlement in *Tolanda Osby et al. v. Citigroup Inc. et al.*, No. 5:07-CV-06085-NKL (W.D. Mo.). The Class shall not include Pamela Benavidez or Patti Psomas, who were the only two Settlement Class Members to opt out of the Class.

4. The Court approves of the proposed procedure for distributing payments to Settling Class Members and directs all payments be distributed in accordance with the terms of the Settlement Agreement.

5. The Court hereby confirms Youtz and Valdez, P.C., Franklin D. Azar and Associates, PC, and Paul McInnes LLP as Class Counsel, and finds that Class Counsel has adequately represented the Class for purposes of entering into and

implementing the Settlement.

6. Having reviewed the record, the Court now grants Plaintiffs' Unopposed Application for Attorneys' Fees and Expenses, and finds the amounts requested therein to be reasonable in light of Class Counsel's efforts and expenses in prosecuting this action and Tenth Circuit precedent. Therefore, the Court awards Class Counsel attorneys' fees in the amount of $133,333.33 and expenses in the amount of $30,000.

7. The Court hereby approves the Service Awards requested by the Named Plaintiffs and orders that payment in the following amounts be made in accordance with the terms of the Settlement Agreement: $2,500 each to Daniel Barela and Erica Begay. These awards are made in consideration of their service to the class and substantial efforts assisting counsel in achieving this settlement on behalf of the Settlement Class Members. The Court finds that these awards are reasonable.

8. The Court hereby approves payment of reasonable Settlement Administration Costs to the Settlement Administrator.

9. Citi is ordered to issue payments in accordance with and subject to the terms of the Settlement Agreement.

10. The Court hereby approves the Release of Claims set forth in the Settlement Agreement and bars any claims released by Settlement Class Members who have not opted out of the Settlement.  The Court further approves the forms of releases to be signed by Participating Class Members in order to release claims under the FLSA and the method of endorsing and cashing the settlement check as

constituting the Participating Class Member's election to opt into this litigation and effectuate this release, as set forth in the Settlement Agreement. The Court also approves the formula for distribution of payments set forth in the Settlement Agreement as a fair, equitable, and reasonable measure for distributing the settlement payments to Participating Class Members.

11. Without affecting the finality of the Settlement or accompanying Judgment, this Court shall retain exclusive and continuing jurisdiction to administer and enforce the terms of the Settlement Agreement.

12. The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are in writing and signed by the Parties' counsel and are consistent with this Final Order and Judgment.

13. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this Lawsuit shall constitute, be construed to be, or be admissible in any other proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules; (b) of an adjudication of the merits of this case; (c) an adjudication of any of the matters released in the Settlement Agreement and settlement checks; (d) that any party has prevailed in this case; or (e) that Citi has engaged in any wrongdoing.

14. There is no reason to delay the enforcement of this FINAL ORDER AND

JUDGMENT.

15. This case is DISMISSED WITH PREJUDICE, with the Court retaining continuing jurisdiction as set forth herein.

**IT IS SO ORDERED.**

Dated: September 15, 2014

_____
**UNITED STATES DISTRICT JUDGE**